## Commonwealth v. Hughes

*A. Clarence Emery*, assistant district attorney, for Commonwealth.
*Edward F. Kane*, for defendant.

CORSON, J., January 4, 1935.—The defendant was charged before a magistrate with violation of section 1001(*a*) of The Vehicle Code of May 1, 1929,

P. L. 905. The defendant waived a hearing before the magistrate and gave bail to appear before this court.

Upon the evidence, it would appear that the defendant was operating his motor vehicle, about 12:30 a. m. on November 18, 1934, in an easterly direction on the Benjamin Franklin Highway, sometimes called the Ridge Road, in the Borough of Collegeville, near its intersection with the Gravel Pike.

According to the testimony of the Commonwealth, at a point where the Ridge Turnpike makes about a 70 degree turn to its right, the defendant attempted to pass a pleasure car and a truck in front of him, and when he was about abreast of the truck and at about the middle of the intersection the officer blew his whistle, and the defendant immediately stopped his car. The evidence of the Commonwealth seems rather hesitant as to whether any traffic was coming in the opposite direction at the time. The Commonwealth also contends that the defendant's view was obscured as he rounded this curve as to traffic coming from the other direction.

The defendant states that he was proceeding behind a slow-moving truck with trailer and a pleasure car following the truck; that at the time he attempted to pass, he intended to pass only the pleasure car and not the truck, and that at the time he stopped, as a result of the officer's whistle, he had not yet reached the truck or the curve spoken of by the officer. He was also positive in his testimony that there was no traffic coming from the other direction at the time.

In order to find the defendant guilty, we must be satisfied beyond a reasonable doubt that he drove his vehicle upon a highway carelessly and wilfully, or wantonly, disregarding the rights or safety of others, or in such a manner as to endanger some person or property. There is no evidence whatever that there was any person or property endangered as the result of defendant's operation of his motor vehicle. We feel that upon the evidence the defendant should be found not guilty of having violated the remaining part of this section. According to the testimony, it would seem that all the cars were being operated slowly at the time of the alleged occurrence.

If the defendant attempted to pass at a curve or attempted to pass the car ahead of him, in violation of one of the subsections of section 1008 of The Vehicle Code, supra, relating to limitations on the privilege of overtaking and passing, it would seem that the prosecution should have been brought under that section. If the defendant had violated that section, he would be guilty whether or not such violation was wilful, wanton, careless, or whether or not it endangered any person or property.

The fact that the prosecution was not brought under section 1008 would seem to throw some doubt at least upon the question whether or not the defendant was attempting to pass the car ahead at a prohibited place. Of course, circumstances might be such that to attempt to pass in violation of section 1008 might also be reckless driving under section 1001. Under the testimony in the present case, however, we do not find such to be the fact.

And now, January 4, 1935, after hearing, the defendant is found not guilty of the charge. It is further found that the prosecution was brought in good faith by the peace officer within section 1210 of the Act of 1929, supra.

From Aaron S. Swartz, Jr., Norristown, Pa.